**Edison Danilo BERREZUETA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5783–ag.

United States Court of Appeals, Second Circuit.

Oct. 22, 2008.

**28**

Usman B. Ahmad, Long Island City, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assitant Director, Joseph A. O'Connel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Edison Danilo Berrezueta, a native and citizen of Ecuador, seeks review of a November 30, 2007 order of the BIA affirming the April 26, 2006 decision of Immigration Judge ("IJ") Sandy Hom de-

nying Berrezueta's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Berrezueta,* No. A 95 675 742 (B.I.A. Nov. 30, 2007), *aff'g* No. A 95 675 742 (Immig. Ct. N.Y. City Apr. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, Berrezueta argues that the BIA applied the wrong standard in affirming the IJ's finding that he failed to establish asylum eligibility. However, the BIA made two separate findings: (1) that Berrezueta failed to establish eligibility for asylum; and (2) that he failed to establish a clear probability of persecution, as required to establish eligibility for withholding of removal. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 430–31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). There is no indication the BIA applied the clear probability standard in evaluating whether Berrezueta established eligibility for asylum.

We further agree with the BIA's finding that Berrezueta did not establish eligibility for asylum and withholding of removal because he "failed to establish, as he has contended, that he will be targeted as a member of a particular social group, namely smuggled Ecuadorians unable to pay their smugglers, as well as financially dis-

advantaged Ecuadorians." [1] The agency reasonably found that aliens victimized as a consequence of using a smuggler and being unable to pay that smuggler's fee have not been persecuted on account of their membership in a particular social group for purposes of asylum eligibility. The fact of having been smuggled is not an immutable characteristic fundamental to an individual's identity or conscience. *See In re Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A.1985) overruled in part on other grounds by *In re Mogharrabi*, 19 I. & N. Dec. 439 (B.I.A.1987). Nor is the inability to pay a smuggler sufficient to define a social group. *See Ucelo–Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir.2007) (finding that class status does not establish a social group with sufficient particularity).

Accordingly, the agency properly found that Berrezueta failed to establish eligibility for asylum and withholding of removal because he did not establish a nexus between the persecution he feared and a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). Because Berrezueta has failed to sufficiently challenge the agency's denial of CAT relief before this Court, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.

---

**1.** Although Berrezueta argues that the BIA failed to provide a sufficient basis for its affirmance of the IJ's decision, that argument is without merit. The BIA adopted the IJ's decision and supplemented it. Accordingly, we read those decisions together. *See Yan Chen*, 417 F.3d at 271.